# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES POSTAL SERVICE,** | : | CIVIL ACTION NO. 1:07-CV-2101 |
| | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| **SUNSHINE DEVELOPMENT, INC.,** | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 3rd day of February, 2010, upon consideration of plaintiff's motion (Doc. 35) for reconsideration of the order of court (Doc. 33) dated December 9, 2009, which granted defendant summary judgment on the issue of liability, and it appearing that plaintiff argues that the court erred in considering 39 C.F.R. § 601.14, and also incorrectly concluded that an agent without contracting authority attempted to exercise the Lease option provision, (see Doc. 35), and it further appearing that the purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), that the court possesses inherent power to reconsider its interlocutory orders "when it is consonant with justice to do so," United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973); Alea N. Am. Ins. Co. v. Salem Masonry Co. 301 F. App'x 119, 121 (3d Cir. 2008), and that a party may not invoke a motion for reconsideration as a means to relitigate matters of disagreement with the court or to raise stale arguments anew, see Abu-Jamal v. Horn, No. Civ. A. 99-

5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001); see also Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) (rejecting litigant's "classic attempt at a 'second bite at the apple'"), and the court concluding that plaintiff's contentions regarding the attempt of Tom Russell ("Russell") to delegate authority to Dennis Perry ("Perry") have been thoroughly litigated,[1] and that plaintiff's citation to 39 C.F.R. § 601.103 does not necessitate a ruling contrary to the

---

[1] Plaintiff asserts that "[t]he Court incorrectly stated that USPS 'claims that Perry was delegated authority when Russell orally ordered him to 'acquire property' in 2006.'" (Doc. 36 at 5.) Plaintiff posits that Russell never attempted to delegate authority, but instead "decided to pursue the purchase option and ultimately instructed Mr. Perry to send the notice [of purchase]." (Id.) This argument is somewhat curious given that it was Perry who delivered the letter purporting to exercise the option, that the letter made no mention of any government official with actual authority to exercise the option, and that no official with actual authority ever contacted defendant to certify that an appropriate decision-maker had instructed Perry to send the notice. According to plaintiff, Russell exercised the purchase option by rendering a decision internally, and it was unnecessary for Russell to thereafter transmit that decision to defendant. This position is not only contrary to applicable law, see Freightliner Corp. v. Caldera, 225 F.3d 1361, 1366 (Fed. Cir. 2000) (explaining that the exercise of an option provision requires the optionee to tender acceptance according to the option's terms); Hanlin v. United States, 316 F.3d 1325, 1328 (Fed. Cir. 2003) (requiring a government contracting agent to possess "actual authority" in order to bind the government to the contract's obligations); (see also Doc. 33 at 9-12), but flies in the face of accepted United States Postal Service practice, (see Doc. 20, Ex. M at 29 (presenting testimony of Esther Tinort, who explains that purchase options are typically signed by employees with actual contracting authority to do so); Doc. 33 at 4-5.)

court's previous determination,[2] it is hereby ORDERED that plaintiff's motion (Doc. 35) for reconsideration is DENIED.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[2] In its December 9, 2009 summary judgment order, the court cited 39 C.F.R. § 601.104 as but one of several provisions requiring that government agents have actual authority before the government shall be bound by their actions. (See Doc. 33 at 10-11.) Plaintiff cites to 39 C.F.R. § 601.103, which states that the regulations in Part 601 "apply to all Postal Service acquisition of property (except real property) and services." This provision does not negate the requirement that a contracting officer possess actual authority to bind the government, a requirement that is well settled in government contracting law, (see Doc. 33 at 9-10), and which was acknowledged as a matter of fact by plaintiff's witnesses, (see Doc. 20, Ex. J at 176; id., Ex. M at 29). Furthermore, this argument is irrelevant in light of plaintiff's position that Russell exercised the purchase option himself. There is no question that Russell had contracting authority to purchase the property. The problem for the Postal Service is that Russell did not send the notice of election and instead directed Perry to do so.